IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER DORMAN,
individually and on behalf of
all others similarly situated,

                Plaintiff,                    ORDER

v.

                                              09-cv-99-wmc

DHL EXPRESS (USA), INC.,
CONSOLIDATED TERMINAL, INC.
and PERRI GIORGI,

                Defendants.

---

On May 20, 2010, the clerk of court entered default against defendants Consolidated Terminals, Inc. and Perri Giorgi pursuant to Federal Rule of Civil Procedure 55(a). Dkt. #126. Plaintiffs have since filed a motion for default judgment as to CTI and Giorgi. Dkt. #129. After reviewing plaintiffs' submissions and holding a telephonic hearing regarding plaintiffs' motion on July 7, 2010, the court finds that named plaintiff and all opt-in plaintiffs are entitled to default judgment.

Based on the allegations in the complaint, the court finds:

(1)    named plaintiff, Christopher Dorman, and the 87 opt-in plaintiffs were not paid overtime wages for all overtime hours worked between December 2006 and March 2009 in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a);

(2)    under 29 U.S.C. § 216(b), all plaintiffs are entitled to liquidated damages in an amount equal to unpaid back wages.

(3)    The violation of the FLSA by CTI and Giorgi was willful or with reckless

disregard for the law, entitling plaintiffs' to an extension of the statute of limitations from two years to three years, 29 U.S.C. § 255(a). Plaintiffs' counsel submitted an affidavit providing all plaintiffs' unpaid overtime hours worked between December 2006 and March 2009. The unpaid back wages amounts to $228,637.82. Because plaintiffs are entitled to liquidated damages, the back wage amount is doubled to $457,275.65. Accordingly, IT IS ORDERED that:

(1) Plaintiffs' motion for default judgment is GRANTED and the clerk of court is directed to enter a default judgment in the amount of $457,275.65 against defendants Consolidated Terminal, Inc. and Perri Giorgi;

(2) The court will withhold entry of an award of reasonable attorney's fees and costs pending further submission in support of that award by plaintiffs' counsel by the close of business on Friday, July 9, 2010.

Entered this 7th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge